IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)
Case No. 3:16-cv-301-TBR

PATRICE HOPSON                                                                                          PLAINTIFF
2242 Thistledown Drive
Louisville, KY 40216

v.

EQUIFAX INFORMATION SERVICES, LLC                                           DEFENDANTS
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:    CSC-Lawyers Incorporating Service Co.
                          421 W. Main St.
                          Frankfort, KY 40601
                          (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:    CT Corporation System
                          306 W. Main Street, Suite 512
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Patrice Hopson, and for her Verified Complaint against the Defendants, Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' failure to investigate Plaintiffs' disputes regarding an alleged judgment and alleged medical collections and educational collections accounts.

## II. PARTIES

2. Plaintiff, Patrice Hopson, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 2242 Thistledown Drive, Louisville, Kentucky 40216.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

9. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

10. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

11. In February 2016, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Equifax, Experian and Trans Union credit reports. Plaintiff's Equifax credit report contained tradelines furnished by (1) the University of Phoenix regarding allegedly overdue student loan payments; and (2) an alleged Jefferson District Court judgment in the amount of $4,378.00. Plaintiff's Experian credit report contained two tradelines furnished by GLA Collection Company regarding alleged medical collections accounts.

12. Immediately upon discovering the aforementioned tradelines, Plaintiff disputed the tradelines with Equifax and Experian.

13. In March 2016, Equifax forwarded to Plaintiff the results of Equifax's investigation of Plaintiff's disputes. Despite Plaintiff's disputes of the aforementioned tradelines, however, Equifax failed to investigate the alleged judgment and the University of Phoenix tradeline and, consequently, did not amend the tradelines or delete the tradelines from Plaintiff's Equifax credit report.

14. In March 2016, Experian forwarded to Plaintiff the results of Experian's

investigation of Plaintiff's disputes. Despite Plaintiff's disputes of the aforementioned tradelines, Experian failed to investigate the alleged GLA medical collections accounts and, consequently, did not amend the tradelines or delete the tradelines from Plaintiff's Experian credit report.

15. The Defendants' failure to investigate Plaintiff's disputes has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Defendants' failure to properly investigate Plaintiff's disputes and to delete or amend their reporting of the subject tradelines.

## V. CLAIMS

### Negligence - Equifax

16. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. Equifax's failure to properly investigate Plaintiff's disputes and its consequent failure to delete or amend its reporting of the subject tradelines, despite Plaintiff's lawful notice to Equifax disputing Equifax's reporting of the tradelines, was negligent. In failing to properly investigate Plaintiff's dispute of the reporting of the tradelines, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

18. Equifax's negligent failure to properly investigate Plaintiff's dispute of the reporting of the subject tradelines and its consequent failure to delete or amend its reporting of the subject tradelines has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

19. Equifax's failure to properly investigate Plaintiff's dispute of Equifax's reporting of

the subject tradelines and its consequent failure to delete or amend its reporting of the subject tradelines, despite Plaintiff's lawful dispute to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence - Experian

20. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. Experian's failure to properly investigate Plaintiff's disputes and its consequent failure to delete or amend its reporting of the subject tradelines, despite Plaintiff's lawful notice to Experian disputing Experian's reporting of the tradelines, was negligent.  In failing to properly investigate Plaintiff's dispute of the reporting of the tradelines, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

22. Experian's negligent failure to properly investigate Plaintiff's dispute of the reporting of the subject tradelines and its consequent failure to delete or amend its reporting of the subject tradelines has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

23. Experian's failure to properly investigate Plaintiff's dispute of Experian's reporting of the subject tradelines and its consequent failure to delete or amend its reporting of the subject tradelines, despite Plaintiff's lawful dispute to Experian, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act - Equifax

24. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

5

through 23 as if fully set forth herein.

24. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

25. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

26. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act - Experian**

27. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28. Experian's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

29. Experian's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

30. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act - Equifax

31. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

32. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

33. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

34. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act - Experian

35. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36. Experian's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b)

and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

33. Experian's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

34. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Patrice Hopson, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

    Respectfully submitted,

    /David W. Hemminger
    David W. Hemminger
    HEMMINGER LAW OFFICE, PSC
    616 South Fifth St.
    Louisville, KY 40202
    (502) 443-1060
    hemmingerlawoffice@gmail.com
    *Counsel for Plaintiff*

## **VERIFICATION**

I, Patrice Hopson, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Patrice Hopson

COMMONWEALTH OF KENTUCKY        )
                                                                 ) SS
COUNTY OF JEFFERSON                  )

Subscribed, sworn to and acknowledged before me by Patrice Hopson this ____ day of _____, 2015.

_____
Notary Public

Commission expires:_____

9